# \# 568391

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

TWIANIE ROBERTS,
INDIVIDUALLY

        Plaintiff,

vs.

CONTINENTAL AIR TRANSPORT, CO.,
A ILLINOIS CORPORATION, D.B.A.
CONTINENTAL AIRPORT EXPRESS, INC.,
DENISE COLLINS, INDIVIDUALLY AND
ROBERT JOHNIGAN, INDIVIDUALLY.

        Defendants.

Case: 2:08-cv-10992
Judge: Feikens, John
Referral MJ: Pepe, Steven D
Filed: 03-07-2008 At 03:58 PM
CMP ROBERTS V CONTINENTAL AIR TRANSPORT, CO., ET AL (EW)

**DEMAND FOR
JURY TRIAL**

_____/

BRENT W. THOMAS (P67028)
THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys for Plaintiff
1000 Town Center, Suite 500
Southfield, MI 48075-1221
248-354-2222 (fax-2323)
_____/

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

## COMPLAINT FOR RELIEF
## AND DEMAND FOR JURY TRIAL

NOW COMES the above named Plaintiff, TWIANIE ROBERTS by and through her

attorneys, THE THURSWELL LAW FIRM, P.L.L.C., and complains against Defendants

CONTINENTAL AIR TRANSPORT, CO., D.B.A. CONTINENTAL AIRPORT EXPRESS,

INC., a Illinois corporation, DENISE COLLINS, a Illinois resident, and ROBERT JOHNIGAN,

a Illinois resident, as follows:

## COUNT I

## JURISDICTION & VENUE / GENERAL AVERMENTS

1.     This action arises out of a motor vehicle accident which took place on March 31,

2007 on North Rush Street in the City of Chicago, Cook County, State of Illinois.

1

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

Plaintiffs seek compensatory and punitive damages in an amount to be proven at trial.

2. This Court has jurisdiction of the action under 28 U.S.C. §1332, which provides for federal diversity jurisdiction. District Courts have original jurisdiction of all "civil actions where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states and the amount in controversy in this matter is greater than $75,000.00.

3. In diversity cases the federal courts generally apply state law in deciding substantive questions and federal law in deciding procedural ones. *Hanna v Plumer*, 380 U.S. 460, 465, 471 (1965).

4. All events and occurrences giving rise to the cause of action herein alleged occurred in the City of Chicago, Cook County, State of Illinois and therefore Illinois substantive law controls in this matter.

5. Venue is proper in this Court under the principles of *forum non conveniens* and also because Plaintiff's principal place of residence is located within this District, City of Detroit, County of Wayne, State of Michigan.

6. Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan, whose principal residence is 3842 Courville Street, Detroit, Michigan 48224.

7. Defendant, CONTINENTAL AIR TRANSPORT CO. d/b/a CONTINENTAL AIR EXPRESS, INC. (Hereinafter CONTINENTAL), has its principal place of business in the City of Chicago, Cook County, State of Illinois, and with a principal place of business located at 1200 W. 35th Street, Chicago, Illinois 60609

2

Defendant, CONTINENTAL's registered address is 1200 W. 35th Street, Chicago, Illinois 60609 and it's registered agent is John C. McCarthy.

8.  Defendant, ROBERT JOHNIGAN, is a resident of the City of Chicago, Cook County, State of Illinois, whose principal residence is 5431 N. East River Road, Apt. #210, Chicago, Illinois 60656.

9.  Defendant, DENISE COLLINS, at all times pertinent to this matter was a shuttle bus driver employed by Defendant, CONTINENTAL. Upon information and belief DENISE COLLINS is a resident of the City of Chicago, Cook County, State of Illinois.

10. This accident took place on March 31, 2007 at 4:30 p.m., in the City of Chicago, Cook County, State of Illinois.

11. Defendant, DENISE COLLINS, was driving a passenger van on North Rush Street in the City of Chicago. Defendant was driving a passenger van owned by Defendant, CONTINENTAL, 1200 W. 35th Street, Chicago, Illinois 60609.

12. Defendant, ROBERT JOHNIGAN, was driving on North Rush Street in the City of Chicago. Defendant was driving a 1996 Jeep Cherokee, VIN 1J4FT28S2TL199228, which upon information and belief, was owned by himself.

13. Plaintiff was a passenger on a shuttle bus / passenger van being operated by Defendant, DENISE COLLINS, and owned by Defendant, CONTINENTAL.

14. CONTINENTAL, as the employer of DENISE COLLINS is liable to Plaintiff for all damages sustained herein under the theory of Respondeat Superior.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

## COUNT II

15.   Plaintiff repeats and re-alleges the allegations and averments of Paragraphs 1 through 14 as if fully set forth herein.

16.   At all times material herein Defendant, DENISE COLLINS, was the operator of a shuttle bus / passenger van owned by Defendant, CONTINENTAL.

17.   At all times material herein Defendant, ROBERT JOHNIGAN, was the operator of a 1996 Jeep Cherokee.

18.   On or about the 31st day of March, 2007, DENISE COLLINS was the agent, servant, and employee of the Defendant, CONTINENTAL, and was operating the above-mentioned vehicle with the implied and express consent of Defendant, CONTINENTAL.

19.   On the above date and time, Defendant, DENISE COLLINS, was operating said vehicle within the scope and course of her employment as an employee of Defendant, CONTINENTAL.

20.   Due to the careless, reckless, and/or negligent actions of Defendants, DENISE COLLINS and ROBERT JOHNIGAN, the vehicle on which Plaintiff was a passenger and Defendant, ROBERT JOHNIGAN's vehicle were involved in a violent collision, whereby as a proximate result thereof, Plaintiff sustained severe and disabling injuries.

21.   At the time herein complained of, the vehicles involved in the collision were operated by the Defendants, who caused all of which occurred without fault or negligence on the part of Plaintiff.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

22. The collision was caused by one or more of the following acts of negligence on the part of the Defendant, ROBERT JOHNIGAN, as follows:

a. Operated said vehicle without having it under constant control;

b. Failed to make proper observation and failed to observe the presence of other users of the road and/or failed to take timely or proper action on such observation as was made in order to avoid a collision;

c. Operated said vehicle in a careless and heedless manner, without due regard for the rights and safety of others, particularly Plaintiff herein, and operated said vehicle without due care and circumspection and at a speed and in a manner so as to endanger or be likely to endanger persons and property;

d. Failed to maintain the horn, brakes, and other equipment of his motor vehicle in good working order and/or failed to sound the horn of his vehicle or to apply the brakes, when in sufficient time to take such action, he saw or should have seen that it was necessary to avoid a collision;

e. Overtook and struck the vehicle Plaintiff was a passenger on, which was parked facing the same direction on the roadway as Defendant's vehicle;

f. Operated said vehicle at a careless and imprudent rate of speed greater than was reasonable and proper, having due regard to the traffic, surface and width of said highway and of other conditions then existing, and operated the aforesaid vehicle at a speed greater than would permit it to be brought to a stop within an assured clear distance ahead, failed to bring the vehicle to a stop within an assured clear distance ahead;

g. Failure to yield the right of way;

5

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

    h.   Failure to keep a proper lookout for other traffic;

    i.   Failure to maintain the proper degree of control of the vehicle;

    j.   Operating the vehicle in an unsafe, unreasonable, reckless or indiscriminate manner without due regard for the safety of others, particularly Plaintiff;

    k.   Failure to avoid the collision;

    l.   Others to be revealed through discovery in this matter.

23.    The collision was caused by one or more of the following acts of negligence on the part of the Defendant, DENISE COLLINS, as follows:

    a.   Operated said vehicle without having it under constant control;

    b.   Failed to make proper observation and failed to observe the presence of other users of the road and/or failed to take timely or proper action on such observation as was made in order to avoid a collision;

    c.   Failure to keep a proper lookout for other traffic;

    d.   Failure to maintain the proper degree of control of the vehicle;

    e.   Operating the vehicle in an unsafe, unreasonable, reckless or indiscriminate manner without due regard for the safety of others, particularly Plaintiff;

    f.   Failure to avoid the collision;

    g.   Parked vehicle at an angle blocking the traveled portion of the roadway;

    h.   Others to be revealed through discovery in this matter.

24.    That as a direct and proximate result of the negligence of the Defendants, the motor vehicle in which Plaintiff was a passenger was extensively damaged, to Plaintiff's great loss.

25.    That Plaintiff sustained personal injuries as a direct and proximate result of the Defendants' negligence, as herein alleged.

26.    As a proximate cause of the negligence of Defendants, Plaintiff was caused, and will be caused in the future to suffer the following injuries and damages:

    a.   Medical, doctor, hospital and medication bills in the past, present and reasonably anticipated future;

    b.   Loss of wage earnings and loss of wage earnings reasonably anticipated in the future;

    c.   Permanent and disfiguring disability;

    d.   Severe pain and disfigurement and disabling injuries to Plaintiff's body as a whole in the past, present and future;

    e.   Deprivation of ability to enjoy a normal life;

    f.   Severe bodily injuries which were painful, disabling, and necessitated medical care;

    g.   Possible aggravation of pre-existing conditions and/or reactivation of dormant conditions;

    h.   Inability to attend to the usual affairs of Plaintiff;

    i.   Inability to render services as formerly;

    j.   Plaintiff has been hampered in the enjoyment of the normal pursuit of life as before;

    k.   Mental anguish and shock to the nervous system;

    l.   Others revealed through discovery in this matter.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

7

27.     That all conditions precedent to the recovery have been fully performed or have occurred.

28.     That Plaintiff has suffered and continues to suffer dire and imminent financial hardship by Defendants' wrongful acts and in this regard is without an adequate remedy at law.

29.     The amount in controversy herein exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

## RELIEF SOUGHT

WHEREFORE, Plaintiff demands Judgment and Relief as follows:

1.     Compensatory damages in an amount to be proven at trial, including all economic and non-economic damages, including punitive damages of which Plaintiff has incurred as a result of Defendants' reckless conduct;

2.     Reasonable attorney's fees, costs, and expenses incurred in connection with this lawsuit;

3.     Pre- and post-judgment interest; and

4.     Such other and further relief as this Court may deem necessary or appropriate.

Respectfully submitted,

THE THURSWELL LAW FIRM, P.L.L.C.

BRENT W. THOMAS (P67028)
Attorney for Plaintiff
1000 Town Center, Suite 500
Southfield, MI 48075
248-354-2222

DATED:     March 6, 2008

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

8

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

TWIANIE ROBERTS,
INDIVIDUALLY

    Plaintiff,

vs.

             Hon.
             Case No.

CONTINENTAL AIR TRANSPORT, CO.,
A ILLINOIS CORPORATION, D.B.A.
CONTINENTAL AIRPORT EXPRESS, INC.,
DENISE COLLINS, INDIVIDUALLY AND
ROBERT JOHNIGAN, INDIVIDUALLY.

    Defendants.
_____/

BRENT W. THOMAS (P67028)
THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys for Plaintiff
1000 Town Center, Suite 500
Southfield, MI 48075-1221
248-354-2222 (fax-2323)
_____/

## DEMAND FOR JURY TRIAL

    NOW COMES the Plaintiff, TWIANIE ROBERTS, by and through her attorneys, THE

THURSWELL LAW FIRM, P.L.L.C., and hereby demands a trial by jury of the facts and issues

involved in this cause of action.

           Respectfully submitted,

           THE THURSWELL LAW FIRM, P.L.L.C.

           BRENT W. THOMAS (P67028)
           Attorney for Plaintiff
           1000 Town Center, Suite 500
           Southfield, MI 48075
DATED:  March 6, 2008   248-354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

9

JS 44 (Rev. 11/04)                              **CIVIL COVER SHEET**    County in which this action arose  COOK COUNTY, ILL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff  WAYNE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    COOK
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
BRENT W. THOMAS P67028
1000 TOWN CENTER, SUITE 500
SOUTHFIELD, MI 48075   248-354-2222

**Case: 2:08-cv-10992**
**Judge: Feikens, John**
**Referral MJ: Pepe, Steven D**
**Filed: 03-07-2008 At 03:58 PM**
**CMP ROBERTS V CONTINENTAL AIR TRANSPORT,**
**CO., ET AL (EW)**

## II. BASIS OF JURISDICTION    (Select One Box Only)

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☑ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CIT. ... (For Diversity Cases Only)

and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☑ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900 Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Determination Under |
| | Employment | ☐ 550 Civil Rights | | | Access to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN    (Select One Box Only)

☑ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     (specify)

☐ 6 Multidistrict
     Litigation

☐ 7 Appeal to District
     Judge from
     Magistrate
     Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 u.s.c. ss 1332

Brief description of cause:
PLAINTIFF, IN DEFENDANT'S PASSENGER VAN, STRUCK BY ANOTHER DEFENDANT'S VEHICLE

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE                                  DOCKET NUMBER

DATE
March 6, 2008

SIGNATURE OF ATTORNEY OF RECORD
Brent W. Thomas

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?

☐ Yes
☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.          Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☐ Yes
☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes : _____