UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TWIANIE ROBERTS

    Plaintiff,

v                                                         CASE NO. 2:08-CV-10992
                                                          HON.  JOHN FEIKENS
CONTINENTAL AIR TRANSPORT CO,
A Illinois Corporation, d/b/a CONTINENTAL
AIRPORT EXPRESS, INC., DENISE COLLINS,
Individually and ROBERT JOHNIGAN, Individually,

    Defendants.

_____/

**THE THURSWELL LAW FIRM, PLLC**    **PLUNKETT COONEY**
Brent Thomas (P67028)    Edward J. Higgins (P46143)
Attorney for Plaintiff    Atty for Defs Continental Air & Denise Collins
1000  Town Center, Suite 500    535 Griswold – Suite 2400
Southfield, MI 48075-1221    Detroit, MI 48226
(248) 354-2222    (313) 983-4919

_____/

## <u>NOTICE OF HEARING</u>

TO:    Brent Thomas, Esq.
        Attorney for Plaintiff

    **PLEASE TAKE NOTICE** that the within Motion to Dismiss will be heard at a

date and time to be set by the Court.

                      By:    s/Edward J. Higgins
                            PLUNKETT COONEY
                            Attorney for Defendants
                            535 Griswold Street - Suite 2400
                            Detroit, MI 48226
                            Direct Dial:  (313) 983-4919
                            ehiggins@plunkettcooney.com
                            P46143

DATED:  May 15, 2008
Detroit.08668.81315.1307294-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TWIANIE ROBERTS

     Plaintiff,

v

                       CASE NO. 2:08-CV-10992
                       HON.  JOHN FEIKENS

CONTINENTAL AIR TRANSPORT CO,
A Illinois Corporation, d/b/a CONTINENTAL
AIRPORT EXPRESS, INC., DENISE COLLINS,
Individually and ROBERT JOHNIGAN, Individually,

     Defendants.

_____/

**THE THURSWELL LAW FIRM, PLLC**    **PLUNKETT COONEY**
Brent Thomas (P67028)             Edward J. Higgins (P46143)
Attorney for Plaintiff              Atty for Defs Continental Air & Denise Collins
1000  Town Center, Suite 500      535 Griswold – Suite 2400
Southfield, MI 48075-1221        Detroit, MI 48226
(248) 354-2222                 (313) 983-4919

_____/

## DEFENDANTS' MOTION TO DISMISS

Defendants Continental Air Transport, Inc. and Denise Collins, by and through their attorneys, Plunkett Cooney, move to dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3), stating as follows:

1.    This is a negligence action in which Plaintiff Roberts seeks to recover for personal injuries allegedly suffered as a result of an automobile accident.

2.    As alleged in Plaintiff's Complaint, on March 31, 2007, Plaintiff Roberts was a passenger on a shuttle bus owned by Defendant Continental Air Transport, Inc., and driven by Defendant Denise Collins.

3.      The shuttle bus was stopped on North Rush Street in the City of Chicago, Cook County, Illinois, when it was struck by a vehicle operated by Defendant Robert Johnigan.

4.      As alleged in Plaintiff's Complaint, Defendant Continental Air Transport, Inc. is an Illinois corporation, with its principal place of business in the State of Illinois **(Exhibit A, Affidavit of Mike Zuniga)**.

5.      Defendant Continental Air Transport, Inc. does not conduct any business within the State of Michigan and does not hold a corporate certificate in the State of Michigan **(Exhibit A, Affidavit of Mike Zuniga)**.

6.      As alleged in Plaintiff's Complaint, Defendant Denise Collins is a resident of the State of Illinois **(Exhibit A, Affidavit of Mike Zuniga)**.

7.      Based on the foregoing, Defendants Continental Air Transport, Inc., and Denise Collins are entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) for the reason that this Court does not have personal jurisdiction over the Defendants, as required to enter a valid judicial decree.

8.      Moreover, Defendants Continental Air Transport, Inc. and Denise Collins are entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(3) for the reason that venue is improper in the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1391.

**WHEREFORE,** Defendants Continental Air Transport, Inc. and Denise Collins respectfully request that this Court enter an Order dismissing this matter pursuant to

Federal Rule of Civil Procedure 12(b)(2) and (3).

By:   s/Edward J. Higgins
PLUNKETT COONEY
Attorney for Defendants
535 Griswold Street - Suite 2400
Detroit, MI 48226
Direct Dial:  (313) 983-4919
ehiggins@plunkettcooney.com
P46143

DATED:  May 15, 2008

Detroit.08668.81315.1307047-1

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TWIANIE ROBERTS

     Plaintiff,

v

                              CASE NO. 2:08-CV-10992
                              HON.  JOHN FEIKENS

CONTINENTAL AIR TRANSPORT CO,
A Illinois Corporation, d/b/a CONTINENTAL
AIRPORT EXPRESS, INC., DENISE COLLINS,
Individually and ROBERT JOHNIGAN, Individually,

     Defendants.

_____/

**THE THURSWELL LAW FIRM, PLLC**     **PLUNKETT COONEY**
Brent Thomas (P67028)                 Edward J. Higgins (P46143)
Attorney for Plaintiff                    Atty for Defs Continental Air & Denise Collins
1000  Town Center, Suite 500        535 Griswold – Suite 2400
Southfield, MI 48075-1221           Detroit, MI 48226
(248) 354-2222                     (313) 983-4919
_____/


## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ..................................................................................ii

QUESTIONS PRESENTED ...............................................................................iv

SUMMARY OF FACTS ..................................................................................... 1

ARGUMENT I..................................................................................................... 1

      PLAINTIFF'S CLAIM AGAINST DEFENDANTS MUST BE
      DISMISSED BECAUSE THIS COURT LACKS PERSONAL
      JURISDICTION.

  A.   Burden ......................................................................................... 1

  B.   Analysis ....................................................................................... 2

     1.   There is No General Jurisdiction Over Defendants. ............................... 3

     2.   There is No Limited Personal Jurisdiction Over Defendants Under
        Michigan's Long Arm Statute.................................................................. 4

ARGUMENT II.................................................................................................... 9

      PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR THE
      REASON THAT THE EASTERN DISTRICT OF MICHIGAN IS NOT
      THE PROPER VENUE, PURSUANT TO 28 U.S.C. § 1391.

  A.   Introduction ................................................................................. 9

  B.   Analysis ....................................................................................... 9

CONCLUSION ................................................................................................. 10

# INDEX OF AUTHORITIES

**Michigan Statutes**

M.C.L. § 600.701 ..................................................................................... 3, 4

M.C.L. § 600.705 ........................................................................................ 5

M.C.L. § 600.711 ........................................................................................ 3

M.C.L. § 600.715 ..................................................................................... 4, 5

**Michigan Case Law**

*Sifers v Horen*, 385 Mich. 195, 188 N.W.2d 623 (1971) ........................................ 6

**Federal Statutes**

**28 U.S.C. § 1391** ................................................................................... i, 9

28 U.S.C.§ 1406 ......................................................................................... 8

**Federal Rules of Civil Procedure**

Fed.R.Civ.P. 12 ......................................................................................... 8

Fed.R.Civ.P. 4 .......................................................................................... 2

**Federal Case Law**

*Air Products and Controls, Inc. v Safetech Intern., Inc.,* 503 F.3d 544 (6th
        Cir. 2007) .............................................................................................. 1, 2

*Bridgeport Music, Inc. v Still N the Water Pub*, 327 F.3d 472 (6th Cir. 2003) ........ 7

*Burnham v Superior Court of California, County of Marin*, 495 U.S. 604, 110
        S.Ct. 2105, 109 L.Ed.2d 631 (1990) ........................................................... 2

*Handley v Ind. & Mich. Electric Co.*, 732 F.2d 1265 (6th Cir. 1984) ...................... 7

*Helicopteros Nacionales de Columbia, S.A. v Hall*, 466 U.S. 408, 104 S.Ct.
        1868, 80 L.Ed.2d 404 (1984) .................................................................. 2

*International Shoe Co. v Washington*, 326 U.S. 310, 66 S.Ct. 154; 90 L.Ed. 95 (1945) ................................................................................................... 7

*Nationwide Mut. Ins. Co. v Trvg Intern. Ins. Co.*, Ltd., 91 F.3d 790 (6th Cir. 1996) ..................................................................................................... 6

*Neogen Corp. v NEO Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2002) ............. 2

*Onderik v Morgan*, 897 F.2d 204 (6th Cir. 1989) ................................................... 6

*Provident Nat'l Bank v California Fed. Savings Loan Ass'n*, 819 F.2d 434 (3d Cir. 1987) ........................................................................................... 2

*Reynolds v Int'l Amateur Athletic Fed'n*, 23 F.3d 1110 (6th Cir. 1994) .................. 2

*Southern Mach. Co. v Mohasco Indus. Inc.*, 401 F.2d 374 (6th Cir. 1968) ............ 7

*Third National Bank v Wedge Group, Inc.*, 882 F.2d 1087 (6th Cir. 1989) ............ 8

*Youn v Track, Inc.*, 324 F.3d 409 (6th Cir. 2003) ................................................... 7

## QUESTIONS PRESENTED

WHETHER PLAINTIFF CAN ESTABLISH SUFFICIENT CONTACTS BY DEFENDANTS WITH THE FORUM STATE TO WARRANT THE EXERCISE OF PERSONAL JURISDICTION?

Plaintiff answers: "Yes."

Defendants answer: "No."

II.

WHETHER PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR THE REASON THAT THE EASTERN DISTRICT OF MICHIGAN IS NOT THE PROPER VENUE FOR THIS ACTION?

Plaintiff answers: "Yes."

Defendants answer: "No."

## SUMMARY OF FACTS

On March 31, 2007, Plaintiff Twianie Roberts was a passenger on a shuttle bus owned by Defendant Continental Air Transport, Inc. ("Continental") and being operated by employee Defendant Denise Collins.  While the shuttle bus was traveling on North Rust Street in Chicago, Illinois, it was involved in an automobile collision with Defendant Robert Johnigan.  **(Exhibit A, Complaint).**

Plaintiff Roberts seeks to recover damages for injuries allegedly sustained in the automobile accident that occurred in Chicago, Illinois.  She claims that the United States District Court for the Eastern District of Michigan has personal jurisdiction over Defendants Continental and Denise Collins and that it is the proper venue for this action.  **(Exhibit A, Complaint).**

However, Defendant Continental is an Illinois corporation with its principal place of business in the State of Illinois. **(Exhibit B, Zuniga Affidavit).** At all relevant times, Defendant Continental has not solicited or otherwise transacted business within the State of Michigan.  Similarly, Defendant Denise Collins is a resident of the State of Illinois and has no relationship with the State of Michigan. **(Exhibit B, Zuniga Affidavit).**

## ARGUMENT I

### PLAINTIFF'S CLAIM AGAINST DEFENDANTS MUST BE DISMISSED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION.

**A.    Burden.**

It is a well-established principle that the plaintiff has the burden of demonstrating personal jurisdiction exists over a nonresident defendant.  *Air Products and Controls, Inc. v Safetech Intern., Inc.,* 503 F.3d 544, 549 (6th Cir.

1

2007). The plaintiff may meet this burden only by "establishing with reasonable particularity sufficient contacts between . . . [the defendant] and the forum state to support jurisdiction." *Neogen Corp. v NEO Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002), citing *Provident Nat'l Bank v California Fed. Savings Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).

Specifically, a federal court's exercise of personal jurisdiction in a diversity of citizenship case must be both (1) authorized by the laws of the state in which it sits and (2) in accordance with the Due Process Clause of the Fourteenth Amendment. *Reynolds v Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994).

This principle is embodied in Federal Rule of Civil Procedure 4, which provides that a federal district court has personal jurisdiction over any defendant that "could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district is located." **Fed.R.Civ.P. 4(k)(1)(A).** Thus, an analysis of Michigan's personal jurisdiction rules must be had.

## B.  Analysis.

No court has unlimited authority. If the federal court has not secured jurisdiction over the person of the defendant, it cannot render a valid decree. *Burnham v Superior Court of California, County of Marin*, 495 U.S. 604, 609; 110 S.Ct. 2105, 2110; 109 L.Ed.2d 631 (1990).

Jurisdiction over the defendant may be established through either general or limited personal jurisdiction. *Air Products and Controls, Inc. v Safetech Intern., Inc.*, 503 F.3d 544, 549 (6th Cir. 2007). General personal jurisdiction exists where the defendant is a resident or domiciliary of the forum state, or the

2

defendant's contact with the forum state is continuous, systematic, and substantial. *Helicopteros Nacionales de Columbia, S.A. v Hall*, 466 U.S. 408, 414-416; 104 S.Ct. 1868, 1872-1874; 80 L.Ed.2d 404 (1984).

### 1.    There is No General Jurisdiction Over Defendants.

*Defendant Continental.*

M.C.L. § 600.711 governs general jurisdiction over defendant corporations and provides in relevant part as follows:

> The existence of any of the following relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the corporation and to enable such courts to render personal judgments against the corporation.
>
> (1) Incorporation under the laws of this state.
>
> ***
>
> (3) The carrying on of a continuous and systematic part of its general business within the state.
> **M.C.L. § 600.711.**

In the present action, general personal jurisdiction may not be validly exercised over Defendant Continental.    None of the potentially applicable provisions found in M.C.L. § 600.711 are met.    Defendant Continental is incorporated within the State of Illinois and has its principal place of business within the State of Illinois. **(Exhibit B, Zuniga Affidavit).**  At all times relevant to this action, Defendant Continental has not conducted any business within the State of Michigan, let alone "continuous and systematic" operations as required by M.C.L. § 600.711.

Thus, based on the clear language of the statute, general personal jurisdiction may not be exercised over Defendant Continental.

3

*Defendant Collins.*

Similarly, general personal jurisdiction over an individual defendant is also governed by statute.  M.C.L. § 600.701 provides as follows:

> The existence of any of the following relationships between an individual and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the individual or his representative to enable such courts to render personal judgments against the individual or representative.
>
> (1) Presence in the state at the time when process is served.
>
> (2) Domicile in the state at the time when process is served.
> **M.C.L. § 600.701.**

As is the case with Defendant Continental, general personal jurisdiction may not be validly exercised over Defendant Denise Collins. Plaintiff does not allege that Defendant Collins was present within the State of Michigan at the time of service of process.  **(Exhibit A, Complaint).** Moreover, at all times relevant to this action, Defendant Collins is and has been a resident of the State of Illinois, including at the time service of process was made.  **(Exhibit B, Zuniga Affidavit).**

### 2.    There is No Limited Personal Jurisdiction Over Defendants Under Michigan's Long Arm Statute.

*Defendant Continental.*

The Michigan long-arm statute allowing limited personal jurisdiction over a nonresident corporation is set forth in M.C.L. § 600.715, which provides as follows:

> The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such

corporation arising out of the act or acts which create any of the following relationships:

(1) The transaction of any business within the state.

(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

(3) The ownership, use, or possession of any real or tangible personal property situated within the state.

(4) Contracting to insure any person, property, or risk located within this state at the time of contracting.

(5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.
**M.C.L. § 600.715.**

Plaintiff does not contend that Defendant Continental transacted any business, owns any property, agreed to insure property or entered into a contract for services to be performed within the State of Michigan. **(Exhibit A, Complaint).** Arguably, Plaintiff relies on Section 600.715(2) which provides for limited personal jurisdiction in tort actions over nonresident defendants that do or cause any act or consequences to be done within the State of Michigan.

However, this is clearly not applicable in the present case where all of the events giving rise to this action occurred within the State of Illinois. Plaintiff's Complaint verifies that the alleged tortious conduct occurred in Illinois and not the State of Michigan. **(Exhibit A, Complaint).**

*Defendant Collins.*

Likewise, limited personal jurisdiction over nonresident individual defendants is governed by statute. M.C.L. § 600.705 provides in part as follows:

The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to

5

enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:

(1) The transaction of any business within the state.

(2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.
**M.C.L. § 600.705(1) and (2).**

Again, limited personal jurisdiction cannot be validly exercised over nonresident Defendant Collins. It is clear that the conduct Plaintiff attributes to her injuries occurred solely within the State of Illinois and not in Michigan. **(Exhibit A, Complaint).** Defendant Collins does not, as an employee of Defendant Continental, conduct any business within the State of Michigan. **(Exhibit B, Zuniga Affidavit).**

Thus, based on the forgoing, the laws of Michigan granting personal jurisdiction over defendants does not allow the exercise of personal jurisdiction in the present action and, therefore, this action should be dismissed.

> **3.    Defendants' due process rights under the 14th Amendment to the United States Constitution would be Violated if this Court Asserts Personal Jurisdiction.**

Defendants contend that even if they are subject to limited personal jurisdiction under the Michigan's long-arm statute, Defendants do not have sufficient contacts with the State of Michigan to satisfy the due process requirements for the exercise of personal jurisdiction.

The application of Michigan's long-arm statutes is limited by the due process concerns of the United States Constitution. *Onderik v Morgan*, 897 F.2d 204, 208 (6th Cir. 1989). The Michigan Supreme Court has construed the statute to bestow the broadest grant of personal jurisdiction consistent with due process.

*Sifers v Horen*, 385 Mich. 195, 188 N.W.2d 623, 623-624 (1971). When a long-arm statute extends personal jurisdiction to the constitutional limits of the Due Process Clause, the statutory and constitutional requirements merge, and the court "need only determine whether the assertion of personal jurisdiction violates constitutional due process." *Nationwide Mut. Ins. Co. v Trvg Intern. Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996).

For the exercise of personal jurisdiction over the defendant to meet Constitutional muster, it must arise from "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notion[s] of fair play and substantial justice.'" *International Shoe Co. v Washington*, 326 U.S. 310, 316; 66 S.Ct. 154; 90 L.Ed. 95 (1945), (citations omitted). The due process requirement serves two purposes: (1) it protects the defendant against the burden of litigating in a distant or inconvenient forum and (2) it ensures that the state does not reach out beyond the limits imposed upon it as a coequal sovereign. *Handley v Ind. & Mich. Electric Co.*, 732 F.2d 1265, 1271 (6th Cir. 1984).

Consistent with the principles found in *International Shoe*, the Sixth Circuit has established three factors that must be met to satisfy the due process requirements: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or cause a consequence in the forum state; (2) the cause of action must arise from the defendant's activities within the forum state; and (3) the acts of the defendants or consequences cause by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Youn v Track, Inc.*, 324 F.3d 409,

7

418 (6th Cir. 2003); *Southern Mach. Co. v Mohasco Indus. Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

### *Purposeful Availment*

Purposeful availment is more than a passive availment of the forum state's protection or opportunities, it is a deliberate undertaking. *Bridgeport Music, Inc. v Still N the Water Pub*, 327 F.3d 472, 478 (6th Cir. 2003).

In the present action, there has been no showing of purposeful availment on the behalf of either Defendant.    Defendant Continental is an Illinois corporation, with its principal place of business in the State of Illinois.  It does not transact, solicit or otherwise engage in business within the State of Michigan. **(Exhibit B, Zuniga Affidavit).**  Similarly, Defendant Collins, a nonresident, lives and works within the State of Illinois. **(Exhibit B, Zuniga Affidavit).**

### *Arising Out of*

In order to satisfy this requirement, the cause of action must have a substantial connection with the defendant's in-state activities.   *Third National Bank v Wedge Group, Inc.,* 882 F.2d 1087, 1091 (6th Cir. 1989).

It is clear, in the present action, that all of the facts and circumstances giving rise to this action occurred within the State of Illinois.  Plaintiff concedes this point in her Complaint.   **(Exhibit A, Complaint).** Thus, the lack of any conduct or connection between the State of Michigan and this cause of action necessitates dismissal for lack of personal jurisdiction.

### *Reasonableness*

Similarly, it would be unreasonable, given the nature of this action and where it occurred, to hail the nonresident Defendants into court in the State of

Michigan.  The Defendants have not conducted themselves in a manner which would make it reasonable to assert personal jurisdiction over them.

Based on the foregoing, it is clear that there is no personal jurisdiction over the nonresident Defendants, and thus, dismissal is warranted.

### ARGUMENT II

**PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR THE REASON THAT THE EASTERN DISTRICT OF MICHIGAN IS NOT THE PROPER VENUE, PURSUANT TO 28 U.S.C. § 1391.**

### A.   Introduction.

When venue in a particular judicial district is improper, the court "shall dismiss or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.§ 1406(a).  Federal Rule of Civil Procedure 12(b)(3) provides for the dismissal of an action for improper venue.

### B.   Analysis.

28 U.S.C. § 1391 governs venue for federal court actions and provides in relevant part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
> **28 U.S.C. § 1391(a).**

Section 1391 also provides that for purposes of venue, a defendant corporation "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. §

1391(c). In the event that there is no jurisdiction in which the defendant corporation would have sufficient minimum contacts to subject it to personal jurisdiction, the defendant will be treated as if it resides in the district in which it has the "most significant contacts." § 1391(c).

For the same reasons that personal jurisdiction cannot be exercised over Defendants, venue in the Eastern District of Michigan is also improper under Section 1391(b)(1), (2), and (3). First, Defendants do not reside within the State of Michigan. Specifically, Defendant Continental, an Illinois corporation, is not subject to personal jurisdiction in Michigan. Moreover, Defendant Continental does not have "significant contacts" with the State of Michigan. **(Exhibit B, Zuniga Affidavit).** Second, none of the facts or events giving rise to this action occurred within the State of Michigan, let alone a "substantial part" of the events. **(Exhibit A, Complaint).**

Similarly, venue is improper with regard to Defendant Collins for the reason that she is domiciled in the State of Illinois and a "substantial part" of the events giving rise to this action occurred within Illinois. **(Exhibit B, Zuniga Affidavit).**

In light of Plaintiff's own allegations and the clear language of Section 1391, proper venue would be in the United States District Court for the Northern District of Illinois. Thus, Defendants respectfully request that this Court grant their Motion to Dismiss for improper venue.

## CONCLUSION

Defendants respectfully request that this Court grant their Motion to

10

Dismiss Plaintiff's complaint in its entirety for the aforementioned reasons.

By:    s/Edward J. Higgins
       PLUNKETT COONEY
       Attorney for Defendants
       535 Griswold Street - Suite 2400
       Detroit, MI 48226
       Direct Dial:  (313) 983-4919
       ehiggins@plunkettcooney.com
       P46143

DATED:  May 15, 2008

Detroit.08668.81315.1307291-1

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TWIANIE ROBERTS

     Plaintiff,

v

CONTINENTAL AIR TRANSPORT CO,
A Illinois Corporation, d/b/a CONTINENTAL
AIRPORT EXPRESS, INC., DENISE COLLINS,
Individually and ROBERT JOHNIGAN, Individually,

     Defendants.

CASE NO. 2:08-CV-10992
HON. JOHN FEIKENS

_____/

| **THE THURSWELL LAW FIRM, PLLC** | **PLUNKETT COONEY** |
|---|---|
| Brent Thomas (P67028) | Edward J. Higgins (P46143) |
| Attorney for Plaintiff | Atty for Defs Continental Air & Denise Collins |
| 1000  Town Center, Suite 500 | 535 Griswold – Suite 2400 |
| Southfield, MI 48075-1221 | Detroit, MI 48226 |
| (248) 354-2222 | (313) 983-4919 |

_____/

## CERTIFICATE OF SERVICE

Edward J. Higgins, attorney with the law firm of PLUNKETT & COONEY, P.C., being first duly sworn, deposes and says that on the 15th day of May 2008, he caused a copy of this document to be served upon all parties of record, and that such service was made electronically upon each counsel of record so registered with the United States District Court and via U.S. Mail to any counsel not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the US Mail.

PLUNKETT & COONEY, P.C.

By:      s/Edward J. Higgins
                EDWARD J. HIGGINS (P46143)
                Attorney for Defendant
                535 Griswold – Suite 2400
                Detroit, MI 48226
                (313) 983-4919
                ehiggins@plunkettcooney.com

Detroit.08668.81315.1307296-1

## **INDEX OF EXHIBITS**

A       Affidavit of Mike Zuniga

B.      Complaint

# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

TWIANIE ROBERTS

     Plaintiff,

v                            CASE NO. 2:08-CV-10992
                                 HON.  JOHN FEIKENS

CONTINENTAL AIR TRANSPORT
CO, DENISE COLLINS, AND ROBERT
JOHNIGAN,

     Defendants.

_____/

**THE THURSWELL LAW FIRM, PLLC**    **PLUNKETT COONEY**
Brent Thomas (P67028)              Edward J. Higgins (P46143)
Attorney for Plaintiff Twianie Roberts   Attorney for Defendants Continental Air
                                   Transport & Denise Collins
1000  Town Center, Suite 500      535 Griswold – Suite 2400
Southfield, MI 48075-1221        Detroit, MI 48226
(248) 354-2222                   (313) 983-4919

_____/

### <u>AFFIDAVIT OF MIKE ZUNIGA</u>

STATE OF ILLINOIS     )
                    )ss
COUNTY OF KENT     )

    I, Mike Zuniga, being duly sworn, depose and state as follows:

    1.    I am the Director of Safety of Continental Air Transport, Inc.

    2.    As such, I have personal knowledge regarding the business transactions of Continental Air Transport, Inc. and the locations in which it operates.

    3.    Continental Air Transportation, Inc. is incorporated in the State of Illinois.

4.      Continental Air Transportation, Inc's principal place of business is located in the State of Illinois.

5.      At all relevant times, Continental Air Transportation, Inc. has not conducted business within the State of Michigan and has not obtained a certificate of incorporation from the State of Michigan.

6.      Moreover, Continental Air Transportation, Inc. has not engaged in, solicited or otherwise conducted business within the State of Michigan.

7.      Continental Air Transportation, Inc. employee, Denise Collins, is and has been, at all relevant times, a resident of the State of Illinois.

8.      The incident giving rise to this action occurred within the State of Illinois.

Mike Zuniga
Director of Safety
Continental Air Transport, Inc.


Subscribed and sworn to before me
this 14TH day of May 2008.

_____, Notary Public
Kent County, Illinois
My Commission Expires: June 18, 2008.

Detroit.08668.81315.1305837-1

OFFICIAL SEAL
DAVID MCELHANEY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/12/08

# EXHIBIT B

# United States District Court
# Eastern District of Michigan



*Summons in a Civil Action and Return of Service Form*

## Case: 2:08-cv-10992
## Judge: Feikens, John

Plaintiff(s) Name

TWIANIE ROBERTS, INDIVIDUALLY

VS.

CONTINENTAL AIR TRANS....... ILL. CORP., DBA CONTINENTAL AIRPORT EXPRESS, INC.; DENISE COLLINS, INDIVIDUALLY ROBERT JOHNIGAN, INDIVIDUALLY

Plaintiffs attorney, address and telephone:

BRENT W. THOMAS P67028
1000 TOWN CENTER, SUITE 500
SOUTHFIELD, MI 48075
248-354-2222

Name and address of defendant being served:

CONTINENTAL AIR TRANSPORT CO. AN ILL. CORP. DB/A CONTINENTAL AIRPORT EXPRESS, INC.

## To the defendant

This summons is notification that YOU ARE BEING SUED by the above named plaintiff(s).

1. You are required to serve upon the plaintiff's attorney, name and address above, an answer to the complaint within _____ days after receiving this summons, or take other actions that are permitted by the Federal Rules of Civil Procedure.

2. You must file the original and one copy of your answer within the time limits specified above with the Clerk of Court.

3. Failure to answer or take other action permitted by the Federal Rules of Civil Procedure may result in the issuance of a judgment by default against you for the relief demanded in the complaint.

David J. Weaver
Clerk of the Court

By: _____
        Deputy Clerk

MAR - 7 2008
_____
Date of issuance

INT-0131-MIE-REV. 12/93 08/99

PAGE 1 OF 2

## UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF MICHIGAN

TWIANIE ROBERTS,
INDIVIDUALLY

               Plaintiff,

vs.

CONTINENTAL AIR TRANSPORT, CO.,
A ILLINOIS CORPORATION, D.B.A.
CONTINENTAL AIRPORT EXPRESS, INC.,
DENISE COLLINS, INDIVIDUALLY AND
ROBERT JOHNIGAN, INDIVIDUALLY.

               Defendants.

Hon.
Case No.

**DEMAND FOR
JURY TRIAL**

_____/

BRENT W. THOMAS (P67028)
THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys for Plaintiff
1000 Town Center, Suite 500
Southfield, MI 48075-1221
248-354-2222 (fax-2323)

_____/

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

### COMPLAINT FOR RELIEF
### AND DEMAND FOR JURY TRIAL

    NOW COMES the above named Plaintiff, TWIANIE ROBERTS by and through her

attorneys, THE THURSWELL LAW FIRM, P.L.L.C., and complains against Defendants

CONTINENTAL AIR TRANSPORT, CO., D.B.A. CONTINENTAL AIRPORT EXPRESS,

INC., a Illinois corporation, DENISE COLLINS, a Illinois resident, and ROBERT JOHNIGAN

a Illinois resident, as follows:

### COUNT I

### JURISDICTION & VENUE / GENERAL AVERMENTS

1.    This action arises out of a motor vehicle accident which took place on March 31,

     2007 on North Rush Street in the City of Chicago, Cook County, State of Illinois.

1.

Plaintiffs seek compensatory and punitive damages in an amount to be proven at trial.

2.    This Court has jurisdiction of the action under 28 U.S.C. §1332, which provides for federal diversity jurisdiction. District Courts have original jurisdiction of all "civil actions where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states and the amount in controversy in this matter is greater than $75,000.00.

3.    In diversity cases the federal courts generally apply state law in deciding substantive questions and federal law in deciding procedural ones. *Hanna v Plumer*, 380 U.S. 460, 465, 471 (1965).

4.    All events and occurrences giving rise to the cause of action herein alleged occurred in the City of Chicago, Cook County, State of Illinois and therefore Illinois substantive law controls in this matter.

5.    Venue is proper in this Court under the principles of *forum non conveniens* and also because Plaintiff's principal place of residence is located within this District, City of Detroit, County of Wayne, State of Michigan.

6.    Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan, whose principal residence is 3842 Courville Street, Detroit, Michigan 48224.

7.    Defendant, CONTINENTAL AIR TRANSPORT CO. d/b/a CONTINENTAL AIR EXPRESS, INC. (Hereinafter CONTINENTAL), has its principal place of business in the City of Chicago, Cook County, State of Illinois, and with a principal place of business located at 1200 W. 35th Street, Chicago, Illinois 60609.

THE THURSWELL LAW FIRM, PLLC
Attorneys at Law
1000 TOWN CENTER
SUITE 600
Southfield, Michigan 48075-1221
(248) 354-2222

2

From:MIKE ZUNIGA    03/18/2008 16:20    #282 P.005/011

Defendant, CONTINENTAL's registered address is 1200 W. 35th Street, Chicago, Illinois 60609 and it's registered agent is John C. McCarthy.

8.  Defendant, ROBERT JOHNIGAN, is a resident of the City of Chicago, Cook County, State of Illinois, whose principal residence is 5431 N. East River Road, Apt. #210, Chicago, Illinois 60656.

9.  Defendant, DENISE COLLINS, at all times pertinent to this matter was a shuttle bus driver employed by Defendant, CONTINENTAL. Upon information and belief DENISE COLLINS is a resident of the City of Chicago, Cook County, State of Illinois.

10. This accident took place on March 31, 2007 at 4:30 p.m., in the City of Chicago, Cook County, State of Illinois.

11. Defendant, DENISE COLLINS, was driving a passenger van on North Rush Street in the City of Chicago. Defendant was driving a passenger van owned by Defendant, CONTINENTAL, 1200 W. 35th Street, Chicago, Illinois 60609.

12. Defendant, ROBERT JOHNIGAN, was driving on North Rush Street in the City of Chicago. Defendant was driving a 1996 Jeep Cherokee, VIN 1J4FT28S2TL199228, which upon information and belief, was owned by himself.

13. Plaintiff was a passenger on a shuttle bus / passenger van being operated by Defendant, DENISE COLLINS, and owned by Defendant, CONTINENTAL.

14. CONTINENTAL, as the employer of DENISE COLLINS is liable to Plaintiff for all damages sustained herein under the theory of Respondeat Superior.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

3

## COUNT II

15. Plaintiff repeats and re-alleges the allegations and averments of Paragraphs 1 through 14 as if fully set forth herein.

16. At all times material herein Defendant, DENISE COLLINS, was the operator of a shuttle bus / passenger van owned by Defendant, CONTINENTAL.

17. At all times material herein Defendant, ROBERT JOHNIGAN, was the operator of a 1996 Jeep Cherokee.

18. On or about the 31st day of March, 2007, DENISE COLLINS was the agent, servant, and employee of the Defendant, CONTINENTAL, and was operating the above-mentioned vehicle with the implied and express consent of Defendant, CONTINENTAL.

19. On the above date and time, Defendant, DENISE COLLINS, was operating said vehicle within the scope and course of her employment as an employee of Defendant, CONTINENTAL.

20. Due to the careless, reckless, and/or negligent actions of Defendants, DENISE COLLINS and ROBERT JOHNIGAN, the vehicle on which Plaintiff was a passenger and Defendant, ROBERT JOHNIGAN's vehicle were involved in a violent collision, whereby as a proximate result thereof, Plaintiff sustained severe and disabling injuries.

21. At the time herein complained of, the vehicles involved in the collision were operated by the Defendants, who caused all of which occurred without fault or negligence on the part of Plaintiff.

THE THIRSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 630
Southfield, Michigan 48076-1221
(248) 354-2222

4

22. The collision was caused by one or more of the following acts of negligence on the part of the Defendant, ROBERT JOHNIGAN, as follows:

a. Operated said vehicle without having it under constant control;

b. Failed to make proper observation and failed to observe the presence of other users of the road and/or failed to take timely or proper action on such observation as was made in order to avoid a collision;

c. Operated said vehicle in a careless and heedless manner, without due regard for the rights and safety of others, particularly Plaintiff herein, and operated said vehicle without due care and circumspection and at a speed and in a manner so as to endanger or be likely to endanger persons and property;

d. Failed to maintain the horn, brakes, and other equipment of his motor vehicle in good working order and/or failed to sound the horn of his vehicle or to apply the brakes, when in sufficient time to take such action, he saw or should have seen that it was necessary to avoid a collision;

e. Overtook and struck the vehicle Plaintiff was a passenger on, which was parked facing the same direction on the roadway as Defendant's vehicle;

f. Operated said vehicle at a careless and imprudent rate of speed greater than was reasonable and proper, having due regard to the traffic, surface and width of said highway and of other conditions then existing, and operated the aforesaid vehicle at a speed greater than would permit it to be brought to a stop within an assured clear distance ahead, failed to bring the vehicle to a stop within an assured clear distance ahead;

g. Failure to yield the right of way;

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

5

h.  Failure to keep a proper lookout for other traffic;

i.  Failure to maintain the proper degree of control of the vehicle;

j.  Operating the vehicle in an unsafe, unreasonable, reckless or indiscriminate manner without due regard for the safety of others, particularly Plaintiff;

k.  Failure to avoid the collision;

l.  Others to be revealed through discovery in this matter.

23.    The collision was caused by one or more of the following acts of negligence on the part of the Defendant, DENISE COLLINS, as follows:

a.  Operated said vehicle without having it under constant control;

b.  Failed to make proper observation and failed to observe the presence of other users of the road and/or failed to take timely or proper action on such observation as was made in order to avoid a collision;

c.  Failure to keep a proper lookout for other traffic;

d.  Failure to maintain the proper degree of control of the vehicle;

e.  Operating the vehicle in an unsafe, unreasonable, reckless or indiscriminate manner without due regard for the safety of others, particularly Plaintiff;

f.  Failure to avoid the collision;

g.  Parked vehicle at an angle blocking the traveled portion of the roadway;

h.  Others to be revealed through discovery in this matter.

24.    That as a direct and proximate result of the negligence of the Defendants, the motor vehicle in which Plaintiff was a passenger was extensively damaged, to Plaintiff's great loss.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

6

04/01/2008 14:16 FAX 6306927240   From:MIKE ZUNIGA   03/19/2008 16:21   #282 P.009/011

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

25.  That Plaintiff sustained personal injuries as a direct and proximate result of the Defendants' negligence, as herein alleged.

26.  As a proximate cause of the negligence of Defendants, Plaintiff was caused, and will be caused in the future to suffer the following injuries and damages:

   a. Medical, doctor, hospital and medication bills in the past, present and reasonably anticipated future;

   b. Loss of wage earnings and loss of wage earnings reasonably anticipated in the future;

   c. Permanent and disfiguring disability;

   d. Severe pain and disfigurement and disabling injuries to Plaintiff's body as a whole in the past, present and future;

   e. Deprivation of ability to enjoy a normal life;

   f. Severe bodily injuries which were painful, disabling, and necessitated medical care;

   g. Possible aggravation of pre-existing conditions and/or reactivation of dormant conditions;

   h. Inability to attend to the usual affairs of Plaintiff;

   i. Inability to render services as formerly;

   j. Plaintiff has been hampered in the enjoyment of the normal pursuit of life as before;

   k. Mental anguish and shock to the nervous system;

   l. Others revealed through discovery in this matter.

7

From:MIKE ZUNIGA                                                     09/19/2008 16:22    #282 P.010/011

27.   That all conditions precedent to the recovery have been fully performed or have

occurred.

28.   That Plaintiff has suffered and continues to suffer dire and imminent financial

hardship by Defendants' wrongful acts and in this regard is without an adequate

remedy at law.

29.   The amount in controversy herein exceeds the sum of Seventy-Five Thousand

Dollars ($75,000.00).

### RELIEF SOUGHT

WHEREFORE, Plaintiff demands Judgment and Relief as follows:

1.   Compensatory damages in an amount to be proven at trial, including all economic

and non-economic damages, including punitive damages of which Plaintiff has

incurred as a result of Defendants' reckless conduct;

2.   Reasonable attorney's fees, costs, and expenses incurred in connection with this

lawsuit;

3.   Pre- and post-judgment interest; and

4.   Such other and further relief as this Court may deem necessary or appropriate.

Respectfully submitted,

THE THURSWELL LAW FIRM, P.L.L.C.

BRENT W. THOMAS (P67028)
Attorney for Plaintiff
1000 Town Center, Suite 500
Southfield, MI 48075
248-354-2222

DATED:    March 6, 2008

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

8

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

TWIANIE ROBERTS,
INDIVIDUALLY

        Plaintiff,                  Hon.

vs.                                  Case No.

CONTINENTAL AIR TRANSPORT, CO.,
A ILLINOIS CORPORATION, D.B.A.
CONTINENTAL AIRPORT EXPRESS, INC.,
DENISE COLLINS, INDIVIDUALLY AND
ROBERT JOHNIGAN, INDIVIDUALLY.

        Defendants.
_____/

BRENT W. THOMAS (P67028)
THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys for Plaintiff
1000 Town Center, Suite 500
Southfield, MI 48075-1221
248-354-2222 (fax-2323)
_____/

**DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, TWIANIE ROBERTS, by and through her attorneys, THE

THURSWELL LAW FIRM, P.L.L.C., and hereby demands a trial by jury of the facts and issues

involved in this cause of action.

                                Respectfully submitted,

                                THE THURSWELL LAW FIRM, P.L.L.C.

                                _____

                                BRENT W. THOMAS (P67028)
                                Attorney for Plaintiff
                                1000 Town Center, Suite 500
                                Southfield, MI 48075

DATED:      March 6, 2008           248-354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

9