UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TWIANIE ROBERTS,
Individually,

                    Plaintiff,

-vs-

CONTINENTAL AIR TRANSPORT
CO., An Illinois Corporation, d/b/a
CONTINENTAL AIRPORT EXPRESS,
INC., DENISE COLLINS, Individually,
and ROBERT JOHNIGAN, Individually,

                    Defendants.
_____/

Civil No. 2:08-cv-10992
Hon. John Feikens

**ORDER TRANSFERRING THIS CASE TO THE NORTHERN DISTRICT OF ILLINOIS**

This case involves an accident that occurred while Plaintiff Twianie Roberts was a passenger in Defendant Continental Air Transport's ("Continental") shuttle bus. The accident happened in Chicago, Illinois. Defendants Continental and Denise Collins, an employee of Continental, have moved this Court to dismiss Roberts's case due to lack of personal jurisdiction or improper venue. For the reasons set forth below, I do not rule on Defendants' motion, but TRANSFER this case to the Northern District of Illinois.

**Facts**

On March 31, 2007 Roberts was a passenger on a shuttle bus owned by Defendant Continental and being operated by Defendant Collins. While the shuttle was traveling on North Rust Street in Chicago, Illinois, it was involved in a collision with Defendant Robert Johnigan.

Roberts seeks to recover damages for injuries allegedly sustained in this accident. Roberts claims that this Court has personal jurisdiction over the Defendants and diversity jurisdiction over this case.

Defendant Continental is an Illinois corporation with its principle place of business in the State of Illinois. Roberts claims, however, that Continental's subsidiary, Continental Airport Express ("Express"), conducts continuous and systematic business in Michigan. Defendants Collins and Johnigan are residents of Illinois and do not appear to have any particular connection to Michigan.

## Analysis

**I) I Do Not Rule on the Issue of Personal Jurisdiction**

Defendants Continental and Collins claim that this Court does not have personal jurisdiction over them. "To determine whether personal jurisdiction exists over a nonresident defendant, federal courts apply the law of the forum state . . . subject to the constitutional limits of due process." Chrysler Corp. v. Uptown Motorcars-Hartford, Inc., 1999 WL 196558, *3 (6th Cir. 1999). The Sixth Circuit has held that Michigan's long-arm statute extends jurisdiction to the limits permitted by due process requirements. Id. (quoting Chandler v. Barclays Bank PLC, 898 F.2d 1148, 1150-51 (6th Cir.1990)). Thus, the statutory issue here is the same as the constitutional issue: whether this Court's exercise of personal jurisdiction over the Defendants would violate due process.

Personal jurisdiction over an out-of-state defendant is only proper if the defendant has certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Air Product and Controls, Inc. v.

Safetech Intern., Inc., 503 F.3d 544, 549 (6th Cir. 2007). "Depending on the type of minimum contacts in a case, personal jurisdiction can either be specific or general." Id. Specific personal jurisdiction only lies if the events giving rise to the suit occurred due to the defendant's actions in the forum state. See Id. General personal jurisdiction exists when a defendant has "continuous and systematic" contacts with the forum state justifying the Court's exercise of jurisdiction with respect to the claims against the defendant. Hi-Tex, Inc. v. TSG, Inc., 87 F.Supp.2d 738, 742 (E.D. Mich. 2000). Because the events at issue occurred in Illinois, this Court could only have general personal jurisdiction.

While I do not rule on this point, based on the current record, it is unlikely that this Court has general personal jurisdiction over all of the Defendants. Neither Collins nor Johnigan is a resident or domiciliary of Michigan, and the Plaintiff has submitted no evidence that they have anything approaching "continuous and systematic" contacts with the state of Michigan. Roberts states that Michigan has personal jurisdiction over Collins because Collins is an employee of Continental. However, even assuming that this Court has personal jurisdiction over Continental, which is far from apparent at this time, personal jurisdiction over a corporate entity without more does not confer jurisdiction over individual employees of that company. Robertson v. AVC Systems, Inc., 51 F.3d 273, 1995 WL 150406, *1 (6th Cir. 1995). Therefore, it is unlikely that this court can exercise personal jurisdiction over either Collins or Johnigan.

Additionally, it is unclear whether this court has personal jurisdiction over Continental. Continental is an Illinois corporation, but it has a subsidiary corporation, Express, that does business in Michigan. The existence of a subsidiary in the state, however, does not automatically confer personal jurisdiction over a parent corporation. Wright & Miller states:

> [I]f the subsidiary's presence in the state is primarily for the purpose of carrying on its own business and the subsidiary has preserved some semblance of independence from the parent and is not acting as merely one of its departments, personal jurisdiction over the parent corporation may not be acquired simply on the basis of the local activities of the subsidiary company.

Wright & Miller, 4A Fed. Prac. & Proc. Civ.3d § 1069.4.  A determination of whether the presence of the subsidiary confers jurisdiction over the parent is usually fact intensive.  See Id. There is little evidence currently describing the relationship between Continental and Express.  The process of gathering the information this Court needs to rule on whether personal jurisdiction exists with respect to Continental would expend valuable judicial resources.

Because of the complexities involved in the personal jurisdiction analysis, and because I have decided to transfer this case to the Northern District of Illinois, I do not rule on the matter of personal jurisdiction.

**II)  I Do Not Rule on the Issue of Improper Venue**

Whether this Court is a proper venue is dependent upon whether it can assert personal jurisdiction over any of the Defendants.  Because it is unclear at this point whether personal jurisdiction lies, I cannot presently determine whether venue is proper.  28 U.S.C. § 1391(a)-(c).

**III)  I Transfer This Case to the Norther District of Illinois**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  It is well established that the transfer of venue is a matter within the sound discretion of a district court, and a motion for transfer of venue is not required as the court may enter an order *sua sponte*.  Nali v. Michigan Dept. Of Corrections, 2007 WL 4465247, *4 (E.D. Mich. 2007).  Also, a court may transfer a case before making a final determination as to

whether jurisdiction lies.  Tyler v. Gaines Motor Lines, Inc., 245 F.Supp.2d 730, 734 (D.Md. 2003).

In deciding whether to transfer a case, a court must first determine whether the plaintiff could have brought the case in the transferee court.  Here, there is no question that a Northern District of Illinois court will have jurisdiction over Roberts's suit and be a proper venue because: Collins and Johnigan are residents of the state; Continental is an Illinois corporation; and the events giving rise to the suit occurred in Chicago.  McNic Oil & Gas Co. V. IBEX Resources Co., 23 F.Supp.2d 729, 739 (E.D. Mich. 1998).

If the court determines that the Plaintiff could have brought the case in the transferee court, the next consideration is whether fairness and the interest of justice favor transfer.  Thomas v. Home Depot, U.S.A., Inc., 131 F.Supp.2d 934, 936 (E.D. Mich. 2001).  The factors that guide a court's discretion include:

> 1) the convenience of the witnesses; 2) the location of relevant documents and the relative ease of access to sources of proof; 3) the convenience of the parties; 4) the locus of the operative facts; 5) the availability of process to compel the attendance of unwilling witnesses; 6) the relative means of the parties; 7) the forum's familiarity with governing law; 8) the weight accorded the plaintiff's choice of forum; and 9) trial efficiency and interests of justice, based upon the totality of the circumstances.

Nali, 2007 WL at *4.  I apply these factors to this case below.

**A) Factors 1, 2, 4, 5, and 9 Weigh In Favor of Transferring Venue**

<u>Factor 1: The Convenience of the Witnesses</u>

Because the accident that gave rise to this case occurred in Illinois, most of the important witnesses will be in Illinois.  This includes the Defendants, witnesses to the accident, and people

who are familiar with the relevant habits or practices of Defendants. Of course, Roberts will want to call witnesses to testify to how this accident has harmed her–physically, mentally, and financially–but the total number of Illinois witnesses will most likely outnumber the Michigan witnesses by a significant number. Thus, transferring this case to the Northern District of Illinois will make the litigation process more convenient for the witnesses.

<u>Factor 2: The Location of the Relevant Documents and the Relative Ease of Access to Sources of Proof</u>

At this point in the case, it is unclear what documentary evidence the parties will produce. Nevertheless, Roberts alleges that Johnigan failed to keep his vehicle in proper condition and raises the issue of the relationship between Collins and Continental. Evidence regarding these issues will be found in Illinois. Also, since Roberts alleges that Collins had parked one of the vehicles involved in the crash at an improper spot, access to the scene of the accident as well as the vehicles themselves is likely to be necessary. On the other hand, Roberts will provide documentary evidence showing how she has been harmed and this evidence will almost certainly come from Michigan. Overall, however, most of the relevant documents and sources of proof appear to be in Illinois. Thus, this factor weighs in favor of transfer.

<u>Factor 4: The Locus of the Operative Facts</u>

The accident occurred in Chicago during a shuttle bus trip. There is no evidence that this bus trip was anything other than strictly local. The record indicates that the only connection this accident has with Michigan is that Roberts is a resident of Michigan and that Continental has a subsidiary there. Thus, the locus of the operative facts is in Illinois, and this factor favors transfer.

Factor 5: The Availability of Process to Compel the Attendance of Witnesses

While it is presently unclear who the witnesses in this case will be, and further, which of the witnesses the Court will need to compel to attend, it is probable that most of the unwilling witnesses will be associated with Defendants. This is because most of witnesses testifying on behalf of the Plaintiff will either know her personally or have been hired to give their expert opinion on the case. It is unlikely that the Court will need to compel these witnesses. On the other hand, Plaintiff may want to call, depose, or otherwise gain access to witnesses who work for or are associated with one or more of the Defendants. The court hearing this case is more likely to need to compel the attendance of these witnesses. Also, witnesses to the accident are more likely to live in Illinois than Michigan and the court may need to compel these witnesses to testify. Because a district court has significantly more power to compel the attendance of witnesses within their own district and state, this factor weighs in favor of transferring this case to the Northern District of Illinois. See Federal Rule of Civil Procedure 45(b).

Factor 9: Trial Efficiency and the Interest of Justice

Trial efficiency strongly favors transfer because this Court may not have personal jurisdiction over any of the Defendants. In a somewhat similar situation, the court in Tyler exercised its power to transfer venue when the issue of jurisdiction proved particularly vexing. 245 F.Supp.2d at 734 (holding that exercising jurisdiction "would inject into the case an unnecessary legal issue that would render the entire litigation null and void if, on appeal, jurisdiction were found to be lacking."). Here, the jurisdiction issues are complex enough that avoiding these issues altogether would be the more efficient course of action. To consider the jurisdictional issue, this Court would need to hear evidence on the contacts between each

Defendant and Michigan. As I stated above, it is unlikely that Collins and Johnigan are subject to personal jurisdiction, but this Court may have personal jurisdiction over Continental. This is particularly important because Roberts is suing Continental under a theory of respondeat superior, and granting adequate relief may not be possible if jurisdiction lies with respect to Continental, but not Collins. Also, it would not be at all unexpected if a Defendant over which this Court asserts jurisdiction ultimately appeals this assertion of power. Because ruling on personal jurisdiction will likely divert significant resources away from reaching the final merits, the interest of trial efficiency favors transferring this case.

**B) Factors 3, 6, and 7 Slightly Favor the Transfer of This Case or are Neutral**

<u>Factor 3 & 6: The Convenience and Relative Means of the Parties</u>

Even though Continental is a corporation and will not be greatly burdened by litigation in Michigan, Roberts has also sued two individuals who will be burdened by a Michigan venue. Of course, Roberts will be burdened by an Illinois venue, but she is outnumbered by the individual defendants. At this point, it is unclear if any of the individually named parties are more financially secure than the others. Thus, a Michigan venue will likely place a slightly larger burden on the parties as a whole.

<u>Factor 7: The Forum's Familiarity With Governing Law</u>

While the Illinois federal court may be more familiar with the relevant Illinois law, this Court is also capable of applying Illinois law. This factor does not cut strongly in either direction.

**C) Factor 8 Favors Deference to Roberts's Chosen Forum, But Is Insufficient To Overcome the Weight of the Other Eight Factors**

Taken as a whole, I believe that the weight of the factors favoring an Illinois venue is enough to overcome factor 8, the deference accorded to the plaintiff's forum. A plaintiff's choice of forum is important, but it is not dispositive. Considering the other relevant factors, especially the low likelihood that this Court has jurisdiction over all of the Defendants, I rule that transfer is proper despite Roberts's choice of forum.

## Conclusion

For the reasons stated above, I do not rule on Defendants' motion to dismiss for lack of jurisdiction or improper venue. However, I TRANSFER this case to the Northern District of Illinois because doing so is in the interest of fairness and justice.

**IT IS SO ORDERED.**

Date:   July 10, 2008                              s/John Feikens

                                                   United States District Judge

---

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on July 10, 2008, by U.S. first class mail or electronic means.

                    s/Carol Cohron
                    Case Manager