1264411 (JB)        JB:amt        7/21/08        BLUE        17751-2-52

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| TWIANIE ROBERTS, Individually, | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | No.  08 CV 04186 |
| | ) | |
| CONTINENTAL AIR TRANSPORT CO., an | ) | Judge: Matthew F. Kennelly |
| Illinois Corporation, d/b/a CONTINENTAL | ) | |
| AIRPORT EXPRESS, INC., DENISE | ) | |
| COLLINS, Individually, and ROBERT | ) | |
| JOHNIGAN, Individually, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES, ROBERT JOHNIGAN, by and through his attorneys, STELLATO &

SCHWARTZ, and for his Answer to Plaintiff's Complaint at Law, states as follows.

**COUNT I**
**JURISDICTION & VENUE/ GENERAL AVERMENTS**

1.      This action arises out of a motor vehicle accident which took place on March 31,

2007 on North Rush Street in City of Chicago, Cook County, State of Illinois. Plaintiffs seek

compensatory and punitive damages in an mount to be proven at trial.

> **ANSWER**:    Defendant admits that an automobile accident occurred on that date and the
> time alleged.  Defendant states that the allegations of "this action" speak for
> themselves, including the prayers for relief and damages sought, and therefore
> neither admits nor denies the remaining allegations in paragraph 1.

2.      This Court has jurisdiction of the action under 28 U.S.C. 1332, which provides for

federal diversity jurisdiction. District Courts have original jurisdiction of all "civil actions where the

matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between

citizens of different states and the amount in controversy in this matter is greater than $75,000.00.

> **ANSWER**: Inasmuch as said statute speaks for itself, defendant makes no response thereto. Inasmuch as the allegations in paragraph 2 contain legal conclusions, defendant makes no response thereto. Further answering, defendant denies that plaintiff entitled to damages in a sum that exceeds $75,000, or any sum.

3.    In diversity cases the federal courts generally apply state law in deciding substantive

questions and federal law in deciding procedural ones. *Hanna v. Plumer*, 380 U.S. 460, 465, 471,

(1965).

> **ANSWER:** Inasmuch as the allegations in paragraph 3 contain legal conclusions, defendant makes no response thereto.

4.    All events and occurrences giving rise to the cause of action herein alleged occurred

in the City of Chicago, Cook County, Stat of Illinois and therefore Illinois substantive law controls

in this matter.

> **ANSWER:** Defendant admits that the accident named in the Complaint occurred at said location. Further answering, as defendant denies the "events" and "occurrences" as alleged as well as liability for the "cause of action" herein, the remaining allegations in paragraph 4 are denied.

5.    Venue is proper in this Court under the principles of *forum non conveniens* and also

because Plaintiff's principal place of residence is located within this District, City of Detroit, County

of Wayne, State of Michigan.

> **ANSWER:**  Inasmuch as the allegations in paragraph 2 contain legal conclusions, defendant makes no response thereto.  Defendant lacks knowledge or information sufficient to form a belief of truth and correctness of the remaining allegations in paragraph 5 and, therefore, said allegations are neither admitted nor denied, but strict proof thereof is demanded.

6.    Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan,

whose principal residence is 3842 Courville Street, Detroit, Michigan 48224.

> **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief of truth and correctness of the allegations in paragraph 6 and, therefore, said

allegations are neither admitted nor denied, but strict proof thereof is
demanded.

7.    Defendant, CONTINENTAL AIR TRANSPORT CO d/b/a CONTINENTAL AIR

EXPRESS, INC. (Hereinafter CONTINENTAL), has its principal place of business in the City of

Chicago, Cook County, State of Illinois, and with a principal place of business located at 1200 W.

35th Street, Chicago, Illinois 60609. Defendant, CONTINENTAL's registered address id 1200 W.

35th Street. Chicago, Illinois, 60609 and its registered agent is John C. McCarthy.

> **ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief of truth
> and correctness of the allegations in paragraph 7 and, therefore, said
> allegations are neither admitted nor denied, but strict proof thereof is
> demanded.

8.    Defendant, ROBERT JOHNIGAN, is a resident of the City of Chicago, Cook

County, State of Illinois, whose principal residence is 5431 N. East River Road, Apt. #210, Chicago,

Illinois 60656.

> **ANSWER:**    Defendant admits being a resident of the City of Chicago, Cook County, State
> of Illinois.  The remaining allegations n paragraph 8 are denied.

9.    Defendant, DENISE COLLINS, at all times pertinent to this matter was a shuttle bus

driver employed by Defendant, CONTINENTAL. Upon information and belief DENISE COLLINS

is a resident of the City of Chicago, Cook County, State of Illinois.

> **ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief of truth
> and correctness of the allegations in paragraph 9 and, therefore, said
> allegations are neither admitted nor denied, but strict proof thereof is
> demanded.

10.    This accident took place on March 31, 2007 at 4:30 p.m., in the City of Chicago,

Cook County, State of Illinois.

> **ANSWER:**    The allegations in paragraph 10 are admitted.

11.    Defendant, DENISE COLLINS, was driving a passenger van on North Rush Street

in the City of Chicago. Defendant was driving a passenger van owned by Defendant, CONTINENTAL, 1200 W. 35th Street, Chicago, Illinois 60609.

> **ANSWER:** Defendant admits said individual was operating said van in said location. Defendant lacks knowledge or information sufficient to form a belief of truth and correctness of the allegations in paragraph 11 and, therefore, said allegations are neither admitted nor denied, but strict proof thereof is demanded.

12.    Defendant, ROBERT JOHNIGAN, was driving on North Rush Street in the City of Chicago. Defendant was driving a 1996 Jeep Cherokee, VIN 1J 4FT28S2TL199228, which upon information and belief, was owned by himself.

> **ANSWER:** The allegations in paragraph 12 are admitted.

13.    Plaintiff was a passenger on a shuttle bus / passenger van being operated by Defendant, DENISE COLLINS, and owned by Defendant, CONTINENTAL.

> **ANSWER:** Defendant admits said individual was operating said vehicle. Defendant lacks knowledge or information sufficient to form a belief of truth and correctness of the remaining allegations in paragraph 13 and, therefore, said allegations are neither admitted nor denied, but strict proof thereof is demanded.

14.    CONTINENTAL, as the employer of DENISE COLLINS is liable to plaintiff for all damages sustained herein under the theory of Respondeat Superior.

> **ANSWER:** Inasmuch as the allegations in paragraph 14 contain legal conclusions, defendant makes no response thereto. Defendant lacks knowledge or information sufficient to form a belief of truth and correctness of the remaining allegations in paragraph 14 and, therefore, said allegations are neither admitted nor denied, but strict proof thereof is demanded.

## COUNT II

15.    Plaintiff repeats and re-alleges the allegations and averments of Paragraphs 1 through 14 as if fully set forth herein.

> **ANSWER:** Defendant incorporates and restates its answers to paragraphs 1 through 34 of Count I , inclusive, as paragraph 15 of Count II as if fully set forth herein.

16.    At all times material herein Defendant, DENISE COLLINS, was the operator of a

shuttle bus / passenger van owned by Defendant, CONTINENTAL.

**ANSWER:**    Defendant admits said individual was operating said vehicle on the date of accident.  Defendant lacks knowledge or information sufficient to form a belief of truth and correctness of the remaining allegations in paragraph 16 and, therefore, said allegations are neither admitted nor denied, but strict proof thereof is demanded.

17.    At all times material herein Defendant, ROBERT JOHNIGAN, was the operator of

the Jeep Cherokee.

**ANSWER:**    The allegations in paragraph 17 are admitted.

18.    On or about the 31ˢᵗ day of March, 2007, DENISE COLLINS was the agent, servant,

and employee of the Defendant, CONTINENTAL, and was operating the above-mentioned vehicle

with the implied and express consent of Defendant, CONTINENTAL.

**ANSWER:**    Defendant admits said individual was operating said vehicle.  Defendant lacks knowledge or information sufficient to form a belief of truth and correctness of the remaining allegations in paragraph 18 and, therefore, said allegations are neither admitted nor denied, but strict proof thereof is demanded.

19.    On the above date and time, Defendant, DENISE COLLINS, was operating said

vehicle within the scope and course of her employment as an employee of Defendant,

CONTINENTAL.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief of truth and correctness of the remaining allegations in paragraph 19 and, therefore, said allegations are neither admitted nor denied, but strict proof thereof is demanded.

20.    Due to the careless, reckless, and/or negligent actions of Defendants DENISE

COLLINS and ROBERT JOHNIGAN, the vehicle on which Plaintiff was a passenger and

Defendant, ROBERT JOHNIGAN's vehicle were involved in a violent collision, whereby as a

proximate result thereof, Plaintiff sustained severe and disabling injuries.

**ANSWER:**    Contact between the said vehicles is admitted, although defendant denies said

contact was the result of any act or omission on his part.  Further answering, defendant denies all allegations of careless, reckless and/or negligent conduct against him.  Inasmuch as the remaining allegations n paragraph 20 are not directed at this defendant, defendant makes no response thereto.

21.     At the time herein complained of, the vehicles involved in the collision were operated

by the Defendants, who caused all of which occurred without fault or negligence on the part of

Plaintiff.

**ANSWER:**     Defendant admits operating a vehicle involved in said accident.  Inasmuch as the remaining allegations in paragraph 21 are not directed at this defendant, defendant makes no response thereto.  The remaining allegations in paragraph 21 are denied.

22.     The collision was caused by one or more of the following acts of negligence on the

part of the Defendant, ROBERT JOHNIGAN, as follows:

a.     Operated said vehicle without having it under constant control;

b.     Failed to make proper observation and failed to observe the presence of other users of road and/or failed to take timely or proper action on such observation as was made in order to avoid a collision;

c.     Operated said vehicle in a careless and heedless manner, without due regard for the rights and safety of others, particularly Plaintiff herein, and operated said vehicle without due care and circumspection and at a speed and in a manner so as to endanger or be likely to endanger persons and property;

d.     Failed to maintain the horn, brakes, and other equipment of his motor vehicle in good working order and/or failed to sound the horn of his vehicle or to apply the brakes, when in sufficient time to take such action, he saw or should have seen that it was necessary to avoid a collision;

e.     Overtook and struck the vehicle Plaintiff was a passenger on which was parked facing the same direction on the roadway as Defendant's vehicle;

f.     Operated said vehicle at a careless and imprudent rate of speed greater than was reasonable and proper, having due

regard to the traffic, surface and width of said highway and of other conditions then existing, and operated the aforesaid vehicle at a speed greater than would permit it to be brought to a stop within an assured clear distance ahead, failed to bring the vehicle to a stop within an assured clear distance ahead;

g.    Failed to yield the right of way.

h.    Failure to keep a proper lookout for other traffic;

i.    Failure to maintain the proper degree of control of the vehicles;

j.    Operating the vehicle in an unsafe, unreasonable, reckless or indiscriminate manner without due regard for the safety of others, particularly Plaintiff;

k.    Failure to avoid the collision;

l.    Others to be revealed through discovery in this matter;

**ANSWER:**    The allegations in paragraph 22, and each of them, including sub-paragraphs (a) through (e), inclusive, are denied.

23.    The collision was caused by one or more of the following acts of negligence on the part of the Defendant, DENISE COLLINS, as follows:

a.    Operated said vehicle without having it under constant control;

b.    Failed to make proper observation and failed to observe the presence of other users of the road and/or failed to take timely or proper action on such observation as was made in order to avoid a collision;

c.    Failure to keep a proper lookout for other traffic;

d.    Failure to maintain the proper degree of control of the vehicle;

e.    Operating the vehicle in ans unsafe, unreasonable, reckless or indiscriminate manner without due regard for the safety of others, particularly Plaintiff;

f.    Failure to avoid the collision;

g.  Parked vehicle at an at an angle blocking the traveled portion
    of th roadway;

h.  Others to be revealed through discovery in this matter.

**ANSWER:**  Inasmuch as the allegations are not directed at this defendant, defendant makes no response thereto. Inasmuch as the allegations refer to any misconduct on the part of this defendant, said allegations are specifically denied.

24.  That as a direct and proximate result of the negligence of the Defendants, the motor

vehicle in which Plaintiff was a passenger was extensively damaged, to Plaintiff's great loss.

**ANSWER:**  Inasmuch as the allegations in paragraph 24 are not directed against this defendant, defendant makes no response thereto. Inasmuch as the allegations refer to any misconduct on the part of this defendant, said allegations are specifically denied.

25.  That Plaintiff sustained personal injuries as a direct and proximate result of the

Defendants' negligence, as herein alleged.

**ANSWER:**  Inasmuch as the allegations in paragraph 25 are not directed against this defendant, defendant makes no response thereto. The remaining allegations in paragraph 25 are denied.

26.  As a proximate cause of the negligence of Defendants, Plaintiff was caused, and will

be caused in the future to suffer the following injuries and damages:

a.  Medical, doctor, hospital and medication bills in the past,
    present and reasonably anticipated future;

b.  Loss of wage earnings and loss of wage earnings reasonably
    anticipated in the future;

c.  Permanent and disfiguring disability;

d.  Sever pain and disfigurement and disabling injuries to
    Plaintiff's body as a whole in the past, present and future;

e.  Deprivation of ability to enjoy a normal life;

f.  Severe bodily injuries which were painful, disabling, and
    necessitated medical care;

g.  Possible aggravation of pre-existing conditions and/or reactivation of dormant conditions;

h.  Inability to attend to the usual affairs of Plaintiff;

i.  Inability to render services as formerly;

j.  Plaintiff had been hampered in the enjoyment of the normal pursuit of life as before;

k.  Mental anguish and shock to the nervous system;

l.  Others revealed through discovery in this matter.

**ANSWER:**  Inasmuch as the allegations in paragraph 26 are not directed against this defendant, defendant makes no response thereto. Inasmuch as the allegations refer to any misconduct on the part of this defendant, said allegations, including sub-paragraphs a. through l. inclusive, are specifically denied.

27.  That all conditions precedent on the recovery have been fully performed of have occurred.

**ANSWER:**  The allegations in paragraph 27 are denied.

28.  That plaintiff has suffered and continues to suffer dire and imminent financial hardship by Defendants' wrongful acts and in this regard is without an adequate remedy at law.

**ANSWER:**  Inasmuch as the allegations in paragraph 28 are not directed against this defendant, defendant makes no response thereto. Inasmuch as the allegations refer to any misconduct on the part of this defendant, said allegations are specifically denied.

29.  The amount in controversy herein exceeds the sun of Seventy-Five Thousand Dollars ($75,000.00).

**ANSWER:**  The allegations in paragraph 29 are denied.

### AFFIRMATIVE DEFENSE

30.  Further answering and pleading in the alternative to any answers or denials herein, defendant, ROBERT JOHNIGAN, states that should the trier of fact determine the fault of defendant, which fault is hereby expressly denied in any percentage, was less than 25% of the total

fault attributable to CONTINENTAL AIR TRANSPORT CO. d/b/a CONTINENTAL AIRPORT

EXPRESS, INC., DENISE COLLINS and/or any other third party who could have been sued by

plaintiff, defendant shall be severally liable for all non-medical and non-medically related damages.

WHEREFORE defendant, ROBERT JOHNIGAN, denies plaintiff, TWIANIE ROBERTS,

is entitled to judgment against him in any sum whatsoever and asks that judgment be entered in his

favor and against plaintiff. Further answering, defendant requests that any judgment entered against

it for any non-medical and non-medically related expenses in favor of plaintiff, TWIANIE

ROBERTS, which alleged liability is hereby expressly denied, be entered against it severally.

Defendant demands a trial by jury.

Respectfully submitted,

STELLATO & SCHWARTZ, LTD.

By:    **/s/ James Bartlett**
      James Bartlett

## INSUFFICIENT KNOWLEDGE CLAUSE

James Bartlett being first duly sworn on oath, deposes and says that he is the attorney for defendant, ROBERT JOHNIGAN, in the above entitled cause; that he has read the foregoing Answer and knows the contents thereof and that the statements contained therein as to lack of knowledge sufficient to form a belief of truth and correctness are true. Under penalty of perjury, I certify that the statements set forth in this paragraph are true and correct.

 **/s/ James Bartlett**
James Bartlett

1264411 (JB)
STELLATO & SCHWARTZ, LTD.
Attorneys for Defendant ROBERT JOHNIGAN
120 North La Salle Street
34th Floor
Chicago, Illinois 60602
(312) 419-1011

1264411 (JB)          JB:kl          07/30/08          WHITE          17751-2-52

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **TWIANIE ROBERTS, Individually,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No.  08 CV 04186** |
| | ) | |
| **CONTINENTAL AIR TRANSPORT CO., an** | ) | **Judge: Matthew F. Kennelly** |
| **Illinois Corporation, d/b/a CONTINENTAL** | ) | |
| **AIRPORT EXPRESS, INC., DENISE** | ) | |
| **COLLINS, Individually, and ROBERT** | ) | |
| **JOHNIGAN, Individually,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF FILING

To:    Mr. Bret Thomas
       Thurswell Law Firm
       1000 Town Center, #500
       Southfield, MI 48075-1221

       Mr. Edward J. Higgins
       Plunkett & Cooney
       535 Griswold Street, Suite 2400
       Detroit, MI 48226

YOU ARE HEREBY NOTIFIED that on July 31, 2008, there was filed with the Clerk of the United States District Court, Northern District of Illinois, Answer to Plaintiff's Complaint, a copy of which is attached hereto.

                    **/s/ Stellato & Schwartz, Ltd.**
                    STELLATO & SCHWARTZ, LTD.

1264411 (JB)
6281399 (DCF)
STELLATO & SCHWARTZ, LTD.
Attorneys for Defendant - Johnigan
120 North La Salle Street, 34th Floor
Chicago, Illinois 60602
(312) 419-1011

      I certify that I served this Notice by electronically mailing a copy to each person to whom it is directed at the address above indicated by using the CM/ECF system on July 31, 2008.


                          **/s/ James Bartlett**
                          James Bartlett